UNITED STATES DISTRICT COURT

DISTRICT OF SOUTH DAKOTA

SOUTHERN DIVISION

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

| | | |
|---|---|---|
| EARL JOFFER and SHIRLEY JOFFER, et ux, | \* | CIV. 08-4198 |
| | \* | |
| Plaintiffs, | \* | |
| | \* | |
| -vs- | \* | MEMORANDUM OPINION |
| | \* | AND ORDER |
| CARGILL, INCORPORATED, | \* | |
| a Delaware Corporation, | \* | |
| d/b/a Cargill Aghorizons, | \* | |
| | \* | |
| Defendant. | \* | |
| | \* | |

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

Pending are motions to amend the Scheduling Order (Doc. 14), to compel (Doc. 15), and for summary judgment (Doc. 16).

## JURISDICTION

Jurisdiction is pursuant to 28 U.S.C. § 1332. The parties consented to have the U.S. Magistrate Judge preside pursuant to 28 U.S.C. § 636(c).

## UNDISPUTED FACTS

Cargill owns and operates a grain elevator within the city limits of Parker, South Dakota. It is the only grain elevator near Parker, South Dakota. It processes some 6.25 million bushels of grain every year. The elevator is a "public grain warehouse" licensed under SDCL 49-43-4.2. Cargill operates the Parker grain elevator pursuant to a General Air Quality Permit for Grain

Elevators under SDCL 34A-1-56 that allows Cargill to discharge a specific amount of particulate into the air.

The Joffers own property, including their personal residence, that is adjacent to the Parker facility. The grain elevator has existed on its current location for many years prior to the Joffers living near it. Cargill purchased the grain operation in 1993 and has operated it since.

For the past few years Earl Joffer has complained to Cargill employees about the amount of grain dust emanating from the Parker facility specifically related to two areas, the grain dryer and the grain load out chute. Additionally, the Joffers have alleged the Parker facility emits mold that causes Earl Joffer breathing problems. On January 18, 2007, Plaintiff Earl Joffer filed a small claims lawsuit against Cargill related to its operation of the Parker facility. The small claims action sought damages for air purifiers, cleaning charges and compensation for stress, discomfort and pain caused by dust and mold from Cargill's operation of the Parker facility.

On February 15, 2007, Earl Joffer and Cargill entered into a settlement agreement. As part of the Settlement Agreement, Plaintiff Earl Joffer agreed as follows:

> Joffer . . . releases . . . Cargill . . . from all claims, . . . damages . . . liabilities whatsoever . . . of whatever kind or character, known or unknown, accrued or unaccrued, from the beginning of time **to the date hereof** . . . arising out of , or relating to Cargill's Elevator or any emissions therefrom. . . . This release may be pleaded as a final, complete and absolute bar to any and all claims that may hereafter be asserted . . . by Joffer . . . .    (bold emphasis supplied).

The current lawsuit against Cargill was filed on November 25, 2008, claiming Cargill's Parker facility is a public nuisance and seeking compensatory damages for being "damaged physically and emotionally" and other damages related to alleged "dust and mold" spread by Defendant.

# CLAIMS OF THE PARTIES

**Claims of Defendant Cargill**.

Plaintiff Earl Joffer entered into a settlement agreement and release of claims for the exact same damages he is again claiming in the present action. He released those claims in the settlement agreement of February 15, 2007. Even if the settlement agreement releases only Plaintiff Earl Joffer's claims, or releases only claims that he could have brought on or before February 15, 2007, Plaintiffs' case still cannot withstand summary judgment. The damages claimed by Plaintiffs appear to be exactly the same as those that were presented in Earl Joffer's 2007 court action and that were included in the Settlement Agreement. Plaintiffs therefore must differentiate damages between the pre-settlement agreement and post-settlement agreement. Expert testimony is required. Plaintiffs have no expert. Plaintiffs have no way of demonstrating to the jury how Cargill's operations have caused their damages relative to specific points in time or activities. Parceling out multiple sources of causation and relating them to certain time periods is far beyond "the common experience and capability of a lay person to judge."

Because there is no federal common law or statutory cause of action for public nuisance and because this case is based on diversity jurisdiction, Plaintiffs' claims must be analyzed under South Dakota state law. See *Erie R.R. v. Tompkins*, 304 U.S. 64, 58 S.Ct. 817 (1938). In South Dakota, public nuisance is defined by statute. Nothing which is done or maintained under the express authority of a statute can be deemed a nuisance. *Kuper v. Lincoln-Union Electric Company*, 557 N.W.2d 748 (S.D. 1996). Cargill's facility complies with all applicable zoning or other regulations for the City of Parker. It maintains a public grain warehouse licensed under SDCL 49-43-4.2. Cargill operates the Parker grain elevator pursuant to a General Air Quality Permit for Grain

Elevators under SDCL 34A-1-56. In the absence of expert witness testimony to identify a causal connection between the Cargill operations and Earl Joffer's health complaints, plaintiffs cannot prevail. Additionally, to the extent Plaintiffs had any claims against Cargill for damages suffered by Earl Joffer, those claims are barred by the Settlement Agreement signed by Earl Joffer in February 2007.

**Claims of Plaintiffs Joffer**.

Each day during which a nuisance is created and maintained constitutes a new cause of action. *See Holland v. City of Geddes,* 610 N.W.2d 816, 818 (S.D. 2001). The continuing damage to Joffers shows that Cargill failed to perform the consideration for the February 15, 2007, settlement agreement. It is for the jury to decide whether the continuing tort doctrine applies. *Carlton v. Germanny Hammock Groves,* 803 S.2d 852, 856 (Fl. App. 2002). Plaintiffs' answers to interrogatories identify an extensive list of persons affected by Cargill's nuisance. SDCL 21-10-2 has never been applied to grant immunity to a grain elevator. Other states have refused to immunize grain elevators from the creation of dust and particulate matter. It is not necessary for plaintiffs to list their treating doctor as an expert witness. Plaintiff's own treating doctor can testify about his observations and opinions about the nature, cause, and treatment of the patient's injuries . *Veith v. O'Brien,* 739 N.W.2d 15, 27-28 (S.D. 2007). The nature of the nuisance is a jury question. The jury must use the reasonable man standard to decide the nuisance question.

**Response of Defendant to Plaintiffs' claims**.

Defendant's response is that plaintiffs are without a single measurement, sample or scientific test to establish that the facility operated by Defendant Cargill in Parker, South Dakota is in violation of any law, standard or requirement. Plaintiffs are without any proof that a tort has occurred, let

alone a new tort each day of operation. Under South Dakota law a continuing tort occurs when all elements of the tort continue, not simply the damage element. [Holland v. City of Geddes, 610 N.W.2d 816, 819 (S.D. 2000)](). Also, plaintiff's Answers to Interrogatories indicate he has a history of asthma, hay fever and bronchitis, which have required medical treatment including injections. If Earl Joffer has suffered continuing medical conditions, there is no evidence it relates to Cargill's operation of the Parker facility. Expert testimony is necessary to differentiate between those causes and the alleged nuisance of Cargill. Cargill has no affirmative duty or legal reason to "show that it performed the consideration requirement by the 2007 agreement." Plaintiffs' allegation is no more than a "mere allegation" that is not sufficient to defeat Cargill's motion for summary judgment.

Plaintiffs have failed to respond to Cargill's motion with affidavits or other documents showing admissible evidence at trial. Instead, Plaintiffs rely only on assertions contained in their own discovery pleadings that there is an "extensive list" of persons affected, apparently who could establish a public nuisance. However, none of these people provided an affidavit or deposition testimony nor have they made any type of statement in this case. The Court is left with only a list of names submitted to it and Plaintiffs' allegations that they are affected by Cargill's elevator. This type of evidence does not go beyond mere allegations and is not sufficient to create a genuine issue of material fact and is therefore not sufficient to defeat a grant of summary judgment. No medical records indicate there was any form of differential diagnosis or investigation as to the cause of the alleged medical problems. Absent this foundation any causation opinion from a treating physician is not admissible. Recall that only Earl Joffer has medical records from a treating physician. There is no indication in either the pleadings or in discovery that Shirley Joffer suffers from a medical condition alleged to be the result of Cargill's operation of its facility. Additionally, plaintiffs have

5

not provided an affidavit or medical records to support a causation opinion from a treating physician. Plaintiffs have supplied only five pages of medical records for Earl Joffer. That is the subject of Defendant's motion to compel (Doc. 15).

## DECISION

**Standard of Review.**

Summary judgment is appropriate when there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law. Fed.R.Civ.P. 56(c). *Johnson v. Ready Mixed Concrete Co.,* 424 F.3d 806, 810 (8th Cir. 2005). All reasonable inferences, without resort to speculation, are drawn in favor of the non-moving party. *Id.,* citing *Hitt v. Harsco Corp.*, 356 F.3d 920, 923-24 (8th Cir. 2004). To avoid summary judgment, the non-moving party must "show that admissible evidence will be available at trial to establish a genuine issue of material fact." *Churchill Business Credit, Inc. v. Pacific Mutual Door Co.*, 49 F.3d 1334, 1337 (8th Cir. 1995). "Once the motion for summary judgment is made and supported, it places an affirmative burden on the non-moving party to go beyond the pleadings and by affidavit or otherwise designate specific facts showing that there is a genuine issue for trial." *Commercial Union Ins. v. Schmidt*, 967 F.2d 270, 271 (8th Cir. 1992) (internal quotation marks and citations omitted).

**Conduct Authorized By Statute Is Not A Nuisance.**

"Nothing which is done or maintained under the express authority of a statute can be deemed a nuisance." SDCL 21-10-2; *Kuper v. Lincoln-Union Elec. Co.,* 557 N.W.2d 748 (S.D. 1996). Public grain warehouses are specifically authorized by law. SDCL 49-43. This chapter does not say "grain warehouses are expressly authorized," but the chapter is designated "Public Grain Warehouses." The same circumstance exists about Rural Electric Cooperatives. SDCL 47-21. The

South Dakota Supreme Court in *Kuper* said "Rural electric cooperatives are specifically authorized by law." *Kuper* at 761. The same principle applies to public grain warehouses, i.e. they are expressly authorized by law.

Another example from the South Dakota Supreme Court about immunity under SDCL 21-10-2 is:

> Next, turning to the nuisance cause of action against the City, we must determine if the trial court erred in ruling that an action for nuisance could not be maintained. Hedel-Ostrowski claims that placing a swing that had a weight limitation in the park, without also conspicuously posting a warning about the weight restriction, created a public nuisance and meets the definition of nuisance in SDCL 21-10-1. The statute provides in relevant part:
>
> A nuisance consists in unlawfully doing an act, or omitting to perform a duty, which act or omission either:
>
> (1) Annoys, injures, or endangers the comfort, repose, health, or safety of others[.] *Id.*
>
> The trial court found that the facts as alleged do not give rise to a nuisance claim because the City maintained the swing under statutory authority. South Dakota law specifically exempts statutorily authorized actions or maintenance from being considered a nuisance. SDCL 21-10-2. The statute provides: "Nothing which is done or maintained under the express authority of a statute can be deemed a nuisance." *Id.* The City is authorized to "establish, improve, maintain, and regulate public parks, public squares, parkways, boulevards, swimming pools, camping, and other facilities in connection therewith within or without the municipality, ..." SDCL 9-38-1. It is this authority under which the City established and maintained the swing of which Hedel-Ostrowski complains. The trial court reasoned that because the park was authorized by statute that neither the park nor its equipment could be deemed a nuisance. We agree. The legislature exempts from the definition of nuisance those things done or maintained under statutory authority. . . .

*Hedel-Ostrowski v. City Of Spearfish*, 679 N.W.2d 491, 496-497 (S.D. 2004).

Pursuant to SDCL 21-10-2 and South Dakota Supreme Court precedent Cargill cannot be a nuisance under SDCL 21-10-1. No case precedent has been furnished to the court which holds that

this statutorily created immunity from a claim of nuisance applies only to a category of entities to which Cargill does not belong. An undisputed fact is that Cargill operates a "grain warehouse" licensed and authorized by the South Dakota Public Utilities Commission pursuant to SDCL Chapter 49-43.

**Causation Opinions From Earl Joffer's Treating Physician.**

In South Dakota a treating doctor can express an opinion about causation without filing the written report required under the State's counterpart of Federal Rule of Civil Procedure 26(a)(2)(B) so long as the doctor's opinion is reached during the course of treatment of the plaintiff. "We therefore reaffirm our previous holding that treating physicians will not be treated as lay witnesses when their knowledge and opinions are obtained in the course of or in anticipation of litigation." *Wangsness v. Builders Cashway, Inc*., --- N.W.2d ----, 2010 WL 457356 (S.D. 2010) citing *Veith v. O-Brien*, 739 N.W.2d at 27-28.

That Earl Joffer's treating physician can express an opinion about causation is not the end of the issue. First, it must be demonstrated that the treating doctor's opinion was obtained during the course of treatment, not during the course of litigation. *Wangnesss* at *4-5. Otherwise a party could do an end run around the rules of discovery. *Id.* Second, under Eighth Circuit law the following rule also applies:

> If a properly qualified medical expert performs a reliable differential diagnosis through which, to a reasonable degree of medical certainty, all other possible causes of the victims condition can be eliminated, leaving only the toxic substance as the cause, a causation opinion based on that differential diagnosis should be admitted.

*Turner v. Iowa Fire Equipment Company,* 229 F.3d 1202, 1209 (8th Cir. 2000).

In *Turner*, the plaintiffs could not prove their claims without the doctor's causation opinion. Summary judgment was granted by the district court and affirmed by the Eighth Circuit Court of Appeals. "A treating physician's expert opinion on causation is subject to the same standards of scientific reliability that govern the expert opinions of physicians hired solely for purposes of litigation." *Id.* at 1207. A medical opinion about causation based upon a proper differential diagnosis is sufficiently reliable to satisfy *Daubert*. *Id.* at 1208 referring to *Daubert v. Merrell Dow Pharmaceuticals, Inc.*, 509 U.S. 579, 113 S.Ct. 2786 (1993). *See* also *Bland v. Verizon Wireless*, 538 F.3d 893, 897 & 899 (8th Cir. 2008) (treating doctor could not express an opinion about causation, which led to summary judgment in favor of defendants because plaintiff could not establish causation without this expert testimony); and *Kudabeck v. The Kroger Co.*, 338 F.3d 856 (8th Cir. 2003) (treating doctor could express an opinion about causation).

"Plaintiffs must establish *to a reasonable medical probability, their illnesses* were caused by the toxic exposure. The fact the chemicals increased the possibility of sickness in the overall population does not suffice to provide a causal link with plaintiffs' illnesses." *Flesner v. Bayer*, — F.3d —, 2010 WL 711972, *4 (8th Cir. 2010) (italics in original). Plaintiffs herein have not demonstrated that they have evidence to fulfill this burden of proof.

The five pages of medical records supplied to the court do not disclose a differential diagnosis about causation linked to Cargill. These medical records do not establish to a reasonable medical probability that Earl Joffer's allergies or asthma or other medical conditions were caused by Cargill or the operation of its facility. These five pages constitute all of the evidence submitted about the issue of causation. Because the treating doctor's opinions are both not sufficient and not admissible under *Daubert* to establish causation, the plaintiffs cannot establish causation as a matter

9

of law. The defendant is entitled to summary judgment in its favor. While defendant has not filed a *Daubert* motion specifically, the defense has objected about the treating doctor offering causation opinions. The court's gate keeping responsibility under *Daubert* has been sufficiently invoked.

**Release.**

Plaintiff argues there is a new tort each day, so the post settlement agreement injuries are not barred by the release. Plaintiffs have not supplied facts to support the theory. Plaintiff filed no affidavits. There are no facts before the court to support the proposition that the Parker Cargill facility is a nuisance. There are no facts before the court to demonstrate that either plaintiff suffered personal injury or property damage. There are no facts before the court to demonstrate a causal link between the hypothetical nuisance and the alleged injuries. Plaintiffs have suggested that the causal link can be provided by Earl Joffer's treating physician. The only evidence before the court about this issue are the five pages of medical records. These records do not provide the causal link. Additionally, for the reasons mentioned in the preceding section, the treating doctor's opinions are not admissible under *Daubert*.

## CONCLUSION

Cargill is entitled to summary judgment as a matter of law for various reasons: (1) it is protected from being declared a nuisance by South Dakota statute; (2a) plaintiff cannot produce testimony to demonstrate that either plaintiff has suffered personal injury caused by Cargill; (2b) Earl Joffer's treating physician has not performed a differential diagnosis to rule out causes of Earl Joffer's illnesses, if any, as being caused by something other than Cargill's operation of its Parker grain facility; (2c) Earl Joffer's treating physician cannot fill the gap to demonstrate that Earl Joffer's illnesses, if any, are different illnesses or aggravation of illnesses which arose after he signed the February 15, 2007, settlement agreement.

Accordingly, it is ORDERED:

1. That defendant's motion for summary judgment (Doc. 16) is GRANTED.

2. That defendant's motions to amend the Scheduling Order (Doc. 14) and to compel (Doc. 15) are DENIED as moot.

3. The motions hearing and pretrial conference set for Friday, April 2, 2010, is cancelled.

Dated this 1st day of April, 2010.

BY THE COURT:

s/John E. Simko

_____
John E. Simko
United States Magistrate Judge